NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KWAN MAN,

             Plaintiff-Appellant,

 and

HONG KONG ENTERTAINMENT
(OVERSEAS) INVESTMENT, LTD.,

             Plaintiff,

  v.

R. ALEXANDER ACOSTA, Secretary of
the United States Department of Labor; et
al.,

             Defendants-Appellees.

No.   17-16319

D.C. No. 1:14-cv-00028

MEMORANDUM[*]

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Ramona V. Manglona, Chief Judge, Presiding

Submitted November 9, 2018[**]
Seattle, Washington

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: McKEOWN and FRIEDLAND, Circuit Judges, and COLLINS,[***] District Judge.

Kwan Man appeals the district court's order granting the Secretary of Labor's motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Kwan brought this action pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 704, seeking judicial review of the Administrative Review Board's ("ARB") Final Decision and Order. Kwan challenges the assessment and amount of a civil monetary penalty ("CMP") assessed by the Department of Labor's Wage and Hour Division ("DOL") for violations of the Fair Labor Standards Act's ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, overtime provisions. The violations, which occurred in 2007, led Kwan's employer, Hong Kong Entertainment (Overseas) Investments, Ltd. ("HKE"), to enter an agreement with the DOL promising to pay the unpaid overtime ("the Agreement").

Kwan argues the Agreement precluded assessment of CMPs based on the 2007 violations, because Paragraph 11 of the Agreement reserves the DOL's right to impose CMPs for future FLSA violations. However, neither Paragraph 11 nor the rest of the Agreement makes any reference to CMPs for past FLSA violations

---

[***] The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

generally or the 2007 violations specifically.  Because the Agreement is silent on this question, the normal rule that CMPs can be assessed for repeat or willful FLSA violations applies.  *See* 29 U.S.C. § 216(e)(2).

This conclusion is clear even without considering the cover letter that accompanied the Agreement, which specifically preserved the possibility of CMPs for the 2007 violations.  We therefore do not need to decide whether, as Kwan argues, the parol evidence rule precludes consideration of the cover letter.  However, the cover letter is relevant to the extent Kwan argues that the Agreement should be interpreted in light of the DOL's earlier oral promise not to impose CMPs if HKE signed the Agreement.  If an earlier oral representation can be used to interpret the Agreement, the cover letter can as well.  As the district court found, Kwan and HKE could not reasonably have relied on the earlier promise after reading the cover letter.

Kwan argues the amount of the CMP must be set aside because it was arbitrary, capricious, and an abuse of discretion.  *See* 5 U.S.C. § 706(2)(A).  When determining the amount of a CMP, the DOL is required to consider certain mandatory factors and may also consider seven discretionary factors, including "[t]he interval between violations."  *See* 29 U.S.C. § 216(e)(3); 29 C.F.R. § 578.4. Kwan contends the DOL misapplied this factor by improperly considering FLSA

3

violations that occurred after the CMP was assessed to find that the interval between violations was not a mitigating factor.

However, the DOL did not consider any alleged later violations when it first determined the amount of the CMP for the 2007 violations, because the violations had not happened yet. The Administrative Law Judge ("ALJ") explicitly declined to rely on any such violations to uphold the CMP amount. The ALJ also found that the DOL did consider "[t]he interval between violations" to be a mitigating factor that supported reducing the amount of the CMP from the statutory maximum of $1,100 per violation to half that amount. The ARB also did not rely on the purported post-2007 violations to uphold the amount of the CMP. Every DOL decision regarding the amount of the CMP considered both the mandatory factors and all seven discretionary factors, based on reference to undisputed evidence. The amount of the CMP was not arbitrary, capricious, or an abuse of discretion.

**AFFIRMED.**